### POSTON v THOMPSON et

Ohio Appeals, 2nd Dist, Franklin Co

No 2504. Decided Oct 18, 1935

Peck, Shaffer & Williams, Cincinnati, and James M. Hengst, Columbus, for plaintiff.

Fred C. Rector, Columbus, and James I. Boulger, Columbus, for defendant executors and trustees.

Toulman & Toulman, Dayton, and Chalmers M. Parker, Columbus, for Carl M. Poston.

**OPINION**

By BODEY, J.

The court takes a similar view of the questions now presented. In short, the

question to be disposed of is this: Can an appellant, who has perfected his appeal, and who has submitted his case to the reviewing court, dismiss his appeal before the case is decided by the court. Counsel for Carl M. Poston argue that their client stands in exactly the same relation to the estate as does the plaintiff and that Carl M. Poston is interested in having a decision of the court equally with the plaintiff. It is also claimed that a defendant, who does nothing toward perfecting his appeal, and who files no pleadings after an appeal is perfected by another party, is vested with the right of having the case disposed of by the court upon the appeal taken by the adverse party. The general rule of law applicable to such case is given in 2 R.C.L., §144, p. 168, as follows:

"According to the great weight of authority, an appellant or plaintiff in error may dismiss his appeal or writ of error without regard to the consent of the appellee or defendant in error. And this rule has been held applicable to an appeal from a judgment of a justice of the peace when the cause is to be tried de novo in the appellate court. The appellant has even been allowed to dismiss his appeal after the delivery of its opinion by the appellate court, but before judgment was rendered."

Apparently the rule in Ohio is not quite so broad. The following language taken from 2 O. Jur., §511, p. 561, embraces the Ohio rule:

"An appellant can not withdraw or dismiss his appeal as a matter of right. The power to dismiss rests solely in the court, and the right of the appellant to voluntarily dismiss his own appeal can be exercised only subject to the discretion of the court. * * * But such motion will be denied if the dismissal would unreasonably or unfairly prejudice the adverse party, as where such party, although desiring a review of the case on appeal, has, in reliance upon the action of the appellant, permitted the time for taking an appeal to pass by without taking the necessary steps to entitle himself to such a review in case the appellant's motion were granted."

It would appear from this statement of the law that in Ohio an appellant may only dismiss his appeal by an order of court made in its discretion and at a time when prejudice will not result to other parties. This rule was followed by the Court of Appeals of Cuyahoga County in the case of **Phillips v The Provident Life & Trust Com-**

pany et, **17 C.C. (N.S.) 298** and in the case of **Adams, Admr. v Adams,** a case disposed of by the Court of Appeals of Mahoning County, **3 Abs, p. 399.** In the first of these cases the motion to dismiss was disallowed while in the latter case the motion was granted. In the one instance the court held that the dismissal would result in a manifest prejudice to one of the parties defendant, while in the other it was held that no prejudice would follow. Counsel for Carl M. Poston urge that the case of **Walker et v Jenney, Admr. et, 10 C.C. (N.S.) 586** is contrary to this rule. With this contention we do not agree. What the court had to say concerning the dismissal of an appeal in this case was obiter dictum. The court had before it an order dismissing a petition in error, and its holding was entirely directed toward that proposition. Counsel also refer to the case of **Banning et v Kirby et, 6 O.D. Reprint, p. 732.** This case is authority for the proposition that when the interest of parties, whether plaintiff or defendant, is joint and inseparable, so that saving the rights of one saves the rights of all who may become parties to the suit, one party who has perfected his appeal may not dismiss the same to the prejudice of others who stand in a relation similar to his own. We do not believe that the interests of the defendants in this case are joint with those of the plaintiff and inseparable therefrom. The record discloses that the interests were entirely adversary. The record would indicate that attorneys who filed the demurrer in the lower court represented all of the defendants and that when the motion to dismiss the appeal was filed in the first instance the same attorneys were representing Carl M. Poston, who now objects to such procedure. It must be borne in mind that no argument at any time was submitted to the court in behalf of the position of this defendant, no individual pleadings were filed by him, nor did he seek to appeal from the judgment of the court below. The record would indicate that he was entirely satisfied with the decision of the lower court, and that he made an effort to have this appeal dismissed upon motion, and further that he changed his position when the plaintiff voluntarily appeared before the court with an entry of dismissal. From the state of this record we are unable to say that this dismissal, if allowed, would operate prejudicially upon Carl M. Poston or his rights in this estate. On the record alone it would appear to the court that if it permits this dismissal to be entered by the plaintiff it would be doing the very thing which was desired by all of

the defendants when the motion to dismiss the appeal was filed on January 16, 1935.

When that motion was filed no one of the defendants felt that the sustaining of the same would result in prejudice to him. Nothing is disclosed in this record as having transpired or taken place since that time which would alter the standing of Carl M. Poston before this court.

Inasmuch as counsel for both sides have injected into the briefs a question which is entirely outside of the record we will comment briefly thereon. It would appear from the briefs, and not from the record, that Donald R. Poston, the plaintiff, has made an agreement with the executors and trustees, defendants, whereby he will be paid the sum of $3750.00 if this appeal is dismissed; that an application was filed in the Probate Court of Franklin County by the executors in which they prayed the authorization of the court to effect this settlement; that the application was resisted by Carl M. Poston; that the court on hearing directed the executors to effect such settlement and to make such payment out of the funds of the estate to plaintiff. In his brief, defendant, Carl M. Poston, now claims that he is prejudiced by reason of the payment of this amount out of the corpus of the estate. This may be true from a money standpoint, but that matter is not before us for review. If any of the parties to the proceeding in the Probate Court were dissatisfied with the finding of that court they could have taken the case to a reviewing court. Such a right and such a remedy were available to Carl M. Poston in that proceeding. The proceedings of the Probate Court and the effect thereof can not be considered in this case.

The court has already expressed its opinion that no prejudice will result to Carl M. Poston by permitting the dismissal of this appeal. In its discretion, therefore, the court will approve the entry of dismissal of the appeal of September 13, 1935, which has been presented to the court, and the appeal will thus be dismissed upon the application of the plaintiff. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.